**WASHINGTON STATE APPLE ADVERTISING COMMISSION et al. v. FEDERAL SECURITY ADMINISTRATOR.**

**WASHINGTON STATE GRANGE et al. v. SAME.**

**Nos. 10947, 10952.**

Circuit Court of Appeals, Ninth Circuit.
July 24, 1946.

Smith Troy, Atty. Gen., of Washington, Harold Pebbles, Chief Asst. Atty. Gen., of Washington, and Elwood Hutcheson, Sp.

Norman A. Eisner, of San Francisco, Cal., for petitioners Wash. State Grange and others.

Theron L. Caudle, Asst. Atty. Gen., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal. (Vincent A. Kleinfeld and John T. Grigsby, Attys., Dept. of Justice, both of Washington, D. C., of counsel), for respondent.

Before MATHEWS, STEPHENS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioners seek review of an order issued by respondent under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. §§ 301–392. Thereby respondent promulgated the following regulation (9 F.R. 11836, 21 C.F.R., 1944 Supp., § 120.1): "The quantity of fluorine remaining as insecticidal residue on apples and pears is hereby limited to not more that 7 milligrams of fluorine, calculated as F, per kilogram of each such fruit."

Unless they will be adversely affected by the order, if placed in effect, petitioners are not entitled to a review thereof. See § 701(f) (1) of the Act, 21 U.S.C.A. § 371 (f) (1). Each petition states that the petitioners named therein will be so affected. This, however, is a mere statement of a conclusion. Neither petition states facts warranting the conclusion.

The order, if placed in effect, will affect only those who own or have some interest in apples or pears on which fluorine remains as insecticidal residue. It does not appear from either petition that any petitioner named therein owns or has any interest in such apples or pears.

One of the petitions (No. 10,947) [1] states that apples and pears are produced by some of the petitioners named therein, and that "fluorine spray, namely cryolite," is used as an insecticide on said apples and pears, but it does not state that fluorine remains on any of them, as insecticidal residue or otherwise.

The other petition (No. 10,952) [2] states that apples and pears are grown and shipped by some of the petitioners named therein and are purchased and shipped by one of said petitioners, and that "fluorine in the form of cryolite" is used as an insecticide on said apples and pears, but it does not state that fluorine remains on any of them, as insecticidal residue or otherwise.

The statement that "fluorine spray, namely cryolite," is used on the apples and pears mentioned in No. 10,947 and the statement that "fluorine in the form of cryolite" is used on the apples and pears mentioned in No. 10,952 may be disregarded, for we know judicially that there is no such thing as "fluorine spray, namely cryolite," or "fluorine in the form of cryolite." Fluorine and cryolite are not the same thing. Fluorine is a gas. Cryolite is a solid. Fluorine is a chemical element. Cryolite is a compound of sodium, aluminum and fluorine ($Na_3AlF_6$). Being a compound, cryolite is a distinct substance,[3]

---

[1] As amended on July 15, 1946.

[2] As amended on July 15, 1946.

[3] This is true of all compounds. Examples: Water, a compound of hydrogen and oxygen, is neither hydrogen nor oxygen, but is a distinct substance. Common salt, a compound of sodium and chlorine, is neither sodium nor chlorine, but is a distinct substance.

which is to say, it is neither sodium nor aluminum nor fluorine.

If cryolite is used as an insecticide on the apples and pears mentioned in the petitions, some of it may remain thereon as insecticidal residue. That, however, is immaterial, for the order does not limit or purport to limit the quantity of cryolite so remaining on apples or pears. It says nothing about cryolite.

■ Since it does not appear that any of the petitioners will be adversely affected by the order, if placed in effect, the petitions should be and are

Dismissed.

